Nelson, J.,
delivered the opinion of the Court.
It appears from the bill of exceptions, that on the trial of this cause, the defendant inquired of the jury if any of them had suits pending in the court in which the trial was had, an,d six of the said .jurors .answered that they had suits pending in said Court, but not for trial at that term; and thereupon, the defendant moved the Court to discharge the said six jurors so having suits pending, and to appoint jurors in their stead free from exception; but the Court refused so to do, and the jurors so having suits pending, were allowed to remain on the jury, and try the cause. To this action of the Court the defendant excepted, and the question before us is whether this was error.
The. right of trial by jury is as old as the common law in England, and is supposed by Worthington, in his Treatise on Juries, 27 Law Lib., 5, 6, to have *296 been derived there from Roman jurisprudence. However greatly it may have been abused, it has been, and is, regarded as an essential element of public liberty. In the Declaration of Independence it is charged against the King that be had, in many cases, deprived the people of trial by jury; and the right, in civil and criminal cases, was afterward secured in our National Constitution. . In all our Tennessee State Constitutions, it has been declared that the right of trial by jury shall remain inviolate, and the Legislature, in prescribing from time to time, the qualifications of jurors, directing the mode of their appointment or selection, and securing the rights of challenge, has endeavored to preserve the purity of this cherished institution, and to secure so far as practicable, the greatest impartiality in the administration of justice. It is our duty as a co-ordinate department of the Government, to give effect to the legislative will by fair and reasonable interpretation.
The provisions in the Code, so far as they relate to the question .raised in this case, are, that the County Court of such county shall, at the first session after each term of the Circuit Court, designate twenty-five good and lawful men to serve as jurymen at the next succeeding court, that one of the jurors thus designated shall reside in each civil district into which the county is divided; that the Justices from each district may designate the juryman from that district; that no court shall appoint any person to serve as a juror more than one time in each period of twelve months; and that, in making the selection, such persons only as they know, or have good reason to believe, are esteemed in *297 the community for their integrity, fair character and sound judgment, shall be selected. In section 3988 it is declared that “no court shall appoint any person who has an action pending in the court at the term to which he is nominated.” By section 3996 it is provided that “the Sheriff in summoning jurors under the foregoing provisions, when the selections devolve upon him, shall be governed by the rules herein before prescribed for the regulation of the County Court in selecting jurors;” and in the succeeding section, a willful neglect on the part of the Sheriff of these rules, and knowingly electing incompetent or exceptionable jurors, is declared a contempt of the court, and punishable accordingly. Section 4009 provides that “either party to an action may challenge, for cause, any person presented as a petit juror, in either a civil or criminal proceeding, who is incompetent to act as a juror under the provisions of the foregoing article.” And, in section 4010, it is provided that “any person who has a suit then pending for trial, at the same term of the court, or who has an adverse interest in a similar suit, involving like questions of fact, or with the same parties,” may also be challenged, for cause. As jurors are entrusted with the determination of questions of fact, in all trials relating to the lives, property or reputation of the people, it is manifest that the intention of the Legislature was not only to secure, if practicable, a high degree of integrity and intelligence, but to guard the jury box, so far as possible, against all extraneous influences that might be calculated wrongfully to bias their judgment, or affect their impartiality.
*298 The reasons for disqualifying persons who have suits pending was, evidently, to prevent any combination between the jurors to render verdicts in favor of each other; and this reason would be just as applicable to cases pending, but continued, as to cases pending, which may be continued. On the supposition of a corrupt understanding between parties litigant to favor each other, it is easy to conceive that an arrangement could be made as readily in regard to the next as an existing term of the court; and it is not improbable that, in times of great public or party excitement, such gross perversions of the noblest objects of the jury trial have occurred, in cases of great magnitude, and especially such as involve the discretionary ascertainment of large damages. Guided by what we believe to be the spirit and meaning of the statute, and looking to the ordinary rules of construction, we are of opinion that sections 3988 and 4010 should be constructed together, and that the expression in the latter, “who has a cause pending- for trial, at the same term of the court,” means, and was intended to mean, precisely the same thing as the expression in the former section, “who has an action pending in the court to which he is nominated. In this view, it-was immaterial whether the causes of the six jurors had been continued or not; and we hold that his Honor erred in not sustaining the objection as to their qualification.
The evidence. set out in the record does not fully ■satisfy us of the plaintiff’s right to recover in this action of forcible entry and detainer; but we are not prepared to say that there is no evidence to sustain the verdict; and in view of a long-established rule of this *299 Court, we abstain from invading the province of the jury and weighing the testimony. On the ground alone that the objection to the qualification of the jurors was not sustained, let the judgment be reversed, and the cause remanded for a new trial.